UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOLANDA V.,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>ANDREW SAUL,<br>Commissioner of Social Security,<br><br>　　　　　　Defendant. | Case No.: 19-cv-1856-DEB<br><br>**ORDER ON JOINT MOTION FOR JUDICIAL REVIEW, REVERSING DENIAL OF BENEFITS, AND REMANDING FOR FURTHER PROCEEDINGS**<br><br>[DKT. NO. 21] |

## I.  INTRODUCTION

On September 26, 2019, Plaintiff Yolanda V. filed a Complaint seeking judicial review of a decision by the Commissioner of Social Security denying her application for disability insurance benefits. Dkt. No. 1. On July 10, 2020, the parties filed a Joint Motion for Judicial Review of the administrative law judge's ("ALJ") decision. Dkt. No. 21. For the reasons set forth herein, the Court reverses the denial of benefits and remands the case for further proceedings.

/ /

/ /

/ /

## II. PROCEDURAL BACKGROUND

On October 6, 2015, Plaintiff filed an application for disability insurance benefits alleging disability beginning on February 17, 2014. AR 299–300.[1]

The Commissioner denied Plaintiff's claim on January 14, 2016 (AR 112–23), and on reconsideration on March 21, 2016 (AR 124–36). On May 31, 2016, Plaintiff requested a hearing before an ALJ, which was held on October 12, 2017 (AR 45–83), followed by a supplemental hearing on August 29, 2018 (AR 84–111).

On September 13, 2018, the ALJ issued a decision denying Plaintiff's claim. AR 13–43. On July 29, 2019, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision as the Commissioner's final decision. AR 1–5; 42 U.S.C. § 405(h). Plaintiff then filed this case. Dkt. No. 1.

## III. SUMMARY OF THE ALJ'S FINDINGS

The ALJ's denial followed the five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520 *et seq.*; AR 18–35. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 17, 2014, her alleged onset date. AR 18.

At step two, the ALJ found that Plaintiff had the following medically determinable severe impairments: lumbar spine degenerative disc disease, bipolar disorder, borderline personality disorder, and marijuana abuse. AR 19.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled those in the Commissioner's Listing of Impairments. AR 19–20.

/ /

---

[1] "AR" refers to the Administrative Record lodged on January 3, 2020. Dkt. No. 15. The Court's citations to the AR use the page references on the original document rather than the page numbers designated by the Court's case management/electronic case filing ("CM/ECF") system. For all other documents, the Court's citations are to the page numbers affixed by the CM/ECF system.

Before proceeding to step four, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform a range of work with non-exertional limitations: "perform simple tasks that require only simple work-related decisions and involve only occasional changes in a routine work setting; occasionally interact with coworkers; occasionally be in the same area as members of the public but never have any direct interaction with a member of the public to complete a work task."[2] AR 20–21. In reaching this conclusion, the ALJ gave significant weight to the state agency psychological consultants who opined that Plaintiff did not have severe limitations and "had the mental capacity to perform simple tasks in a setting with low social demands." AR 30, 118–20, 131–34. The ALJ gave little weight to treating physician Dr. Jia Mao's assessment that Plaintiff's ability to function in a workplace setting was more limited. AR 31.

At step four, the ALJ concluded that Plaintiff was unable to perform her past relevant work. AR 32–33.

Finally, at step five, the ALJ accepted the vocational expert's testimony that a hypothetical person with Plaintiff's vocational profile and RFC could perform the requirements of occupations that existed in significant numbers in the national economy. AR 33–35. The ALJ, therefore, concluded Plaintiff was not disabled. AR 35.

**IV.   STANDARD OF REVIEW**

The Court reviews the ALJ's decision to determine if it is supported by substantial evidence and whether the ALJ applied the proper legal standards. 42 U.S.C. § 405(g); *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."
/ /

---

[2]   The ALJ also determined that Plaintiff had exertional limitations following her August 26, 2016 back injury, at which point she could "perform light work, as defined in 20 C.F.R. § 404.1567(b) and S.S.R. 83-10," but was limited to standing and walking for four hours in an eight-hour workday and must avoid heights and hazardous machinery. AR 20–21.

*Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is "more than a mere scintilla but less than a preponderance." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

The Court "must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014) (internal quotation omitted). "[I]f evidence exists to support more than one rational interpretation, [the Court] must defer to the Commissioner's decision." *Batson v Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

## V.   ISSUE IN DISPUTE

The sole issue in dispute is whether the ALJ improperly discounted Dr. Mao's opinion in determining Plaintiff's RFC. Dkt. No. 21 at 5.

## VI.   DISCUSSION

The opinions of treating physicians are afforded greater weight than those of non-treating physicians because their ongoing treatment relationship provides a unique perspective on the patient's condition. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) ("As a general rule, more weight should be given to the opinion of a treating source . . . ."). When a treating physician's opinion is contrary to that of a non-treating physician, the ALJ must provide "specific and legitimate reasons" for rejecting the treating physician's opinion that are supported by "substantial evidence" in the record. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). The ALJ can "satisfy the substantial evidence requirement by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id*. (internal quotations omitted).

Dr. Mao, a psychiatrist, treated Plaintiff from February 1, 2016 until April 10, 2017. AR 658, 1162. On June 29, 2016, Dr. Mao completed a Medical Opinion Questionnaire in which she opined on Plaintiff's mental abilities and capacity to perform tasks necessary for employment. AR 1123–25. Dr. Mao categorized Plaintiff's capacity to perform work-related tasks as follows:

/ /

| Unlimited or Very Good | -sustain an ordinary routine without special supervision<br>-ask simple questions or request assistance |
|---|---|
| Good | -maintain socially appropriate behavior<br>-maintain regular attendance and be punctual with customary, usually strict tolerances |
| Fair | -interact appropriately with the general public<br>-adhere to basic standards of neatness and cleanliness<br>-understand and remember very short and simple instructions<br>-carry out very short and simple instructions<br>-be aware of normal hazards and take appropriate precautions |
| Poor to None | -travel to unfamiliar place<br>-use public transportation<br>-maintain attention for two-hour segments<br>-understand and remember detailed instructions<br>-carry out detailed instructions<br>-set realistic goals or make plans independently of others |

*Id.*

The ALJ gave little weight to Dr. Mao's opinions listed above because they were not "adequately explained or supported as a longitudinal assessment" and were rendered in a checklist-style form. AR 31. The ALJ also cited Dr. Mao's inability to opine on certain abilities or aptitudes and Plaintiff's failure to consistently adhere to prescribed medications as other reasons to discount Dr. Mao's opinions. *Id.* Instead, the ALJ relied on the opinions of the state agency consultants. AR 30. As explained below, the ALJ's reasons for discounting Dr. Mao's opinions are not supported by substantial evidence in the record.

The ALJ's conclusion that Dr. Mao's opinions were not supported as "a longitudinal assessment" (i.e., she did not treat Plaintiff for a sufficient length of time) is not supported by the record. Dr. Mao began treating Plaintiff in February 2016, following Plaintiff's psychiatric hospitalizations in 2014 and 2015. AR 658. Dr. Mao reviewed Plaintiff's prior medical records and treated her on twelve occasions spanning nearly five months before

completing the Medical Opinion Questionnaire. AR 658–666, 815–846.[3] Dr. Mao's progress notes from these visits document Plaintiff's limited concentration, mood swings, mania, increased anger, intense anxiety, depression, crying spells, low energy, periods of suicidal thoughts, failure to adhere to medication, and response to medication adjustments. AR 663–66, 819–46. Thus, the ALJ's stated reason for rejecting Dr. Mao's opinions (i.e. that Dr. Mao's relationship with Plaintiff was not sufficiently longitudinal) is erroneous. *Cf. Hooker v. Berryhill*, 685 Fed. Appx. 568, 569 (9th Cir. 2017) (finding a treating relationship where psychiatrist and patient met three times over eight months).

The ALJ also erroneously gave Dr. Mao's opinion less weight because it was rendered in a checklist-style form and was not supported by objective clinical findings. AR 31. A treating physician's use of a "check box" questionnaire cannot be discredited on that basis alone when it is supported by the treatment notes and significant experience treating the claimant, as was the case here. *Garrison v. Colvin,* 759 F.3d 995, 1013 (9th Cir. 2014).

Additionally, although the ALJ relied on the absence of any objective clinical finding by Dr. Mao "related to [Plaintiff's] attention or concentration" (AR 31), a mental health professional's assessment should not be rejected simply for a lack of objective clinical findings. *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017). The nature of psychiatry dictates that "diagnosis will always depend in part on the patient's self-report, as well as on the clinician's observations of the patient." *Id.* (citing *Poulin v. Bowen*, 817 F.2d 873, 874 (D.C. Cir. 1987) ("[U]nlike a broken arm, a mind cannot be x-rayed.")). Here, Dr. Mao's progress notes indicate that, in addition to Plaintiff's psychiatric hospitalizations, Plaintiff displayed a limited attention span and concentration on multiple

---

[3] On July 13, 2016, following Dr. Mao's completion of the Medical Opinion Questionnaire, Plaintiff was hospitalized again for psychiatric treatment. AR 856. Dr. Mao saw Plaintiff shortly after her release and continued to treat Plaintiff for another ten months. AR 1070–1107, 1146–1164. Dr. Mao's progress notes from this time period are consistent with her opinions in the June 2016 Medical Opinion Questionnaire June 2016. *Id.*

occasions and "her overall illness has never achieved a period of consistent stability." AR 658, 823.

The ALJ's reliance on Dr. Mao's inability to assess "10 out of the 25 work-related abilities and aptitudes listed on this form" does not support discounting her opinions regarding other abilities. *Belanger v. Berryhill*, 685 F. App'x 596, 599 (9th Cir. 2017) ("[I]t would be counterproductive to discard a physician's opinion because she declines to evaluate the capacities of a patient with which she is not familiar.").

The ALJ further found that Plaintiff's "failure to follow treatment recommendations demonstrates a possible unwillingness to do what is necessary to improve her condition … [and] may also be an indication her symptoms are not as severe as she purports." AR 23, 31. This finding ignores Dr. Mao's assessment that Plaintiff's failure to comply with medication is due to her inability to recognize the severity of her illness. AR 664, 816, 822, 1163 (Dr. Mao's treatment notes explaining that Plaintiff has a history of noncompliance with medication due to "limited understanding of her diagnosis"); *see also Garrison*, 759 F.3d at 1018 n. 24 ("[W]e do not punish the mentally ill for going off their medication when . . . [such departures are] part of claimant's underlying mental afflictions.").

### VII. CONCLUSION

The ALJ's reasons for rejecting Dr. Mao's opinions are not supported by substantial evidence in the record. Remand is warranted where additional administrative proceedings could remedy defects in the decision. *Kail v. Heckler*, 722 F.2d 1496, 1497 (9th Cir. 1984). The Court believes this is a case where additional administrative proceedings could remedy the defects in the ALJ's decision. *See Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (remanding for further administrative proceedings where ALJ improperly rejected a treating physician's opinion).

//
//
//
//

For the foregoing reasons, the Court reverses the denial of benefits and remands this matter for further administrative proceedings.

**IT IS SO ORDERED.**

Dated: March 10, 2021

_____
Honorable Daniel E. Butcher
United States Magistrate Judge