UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOLANDA V.,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security,<br><br>　　　　　　　Defendant. | Case No.: 19-cv-1856-DEB<br><br>**ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)**<br><br>**[DKT. NO. 26]** |

Before the Court is Plaintiff's Counsel's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b). Dkt. No. 26 ("Motion"). Neither Plaintiff nor the Commissioner oppose the Motion.

For the reasons discussed below, the Court **GRANTS** the Motion.

**I.    BACKGROUND**

Plaintiff Yolanda V. filed this action seeking review of the Commissioner of Social Security's ("Commissioner") denial of her applications for disability insurance benefits. Dkt. No. 1 (Compl.). The Court reversed the denial of benefits and remanded the case for further proceedings. Dkt. No. 23. Pursuant to the parties' joint motion (Dkt. No. 24), the Court awarded Plaintiff $4,400 in attorney's fees under the Equal Access for Justice Act ("EAJA"). Dkt. No. 25.

On remand, the Commissioner issued a decision favorable to Plaintiff and awarded $247,681.00 in past-due disability insurance benefits. Dkt. No. 26-4 at 2, 4. The Commissioner withheld $61,920.25 from the award in case Plaintiff's counsel requested payment of fees. *Id*. at 4.

## II.     LEGAL STANDARD

Attorneys may seek "a reasonable fee" for successfully representing Social Security claimants. 42 U.S.C. § 406(b)(1)(A). The fee cannot exceed "25 percent of the total of the past-due benefits to which the claimant is entitled . . . ." *Id*.; *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) ("Within the 25 percent [statutory] boundary . . ., the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.").

The Court "must 'approach [§ 406(b)] fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc) (quoting *Gisbrecht*, 535 U.S. at 808). In evaluating the reasonableness of the fee award, the Court must consider "the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808 (citations omitted). The Court also "may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151 (citation omitted).

Finally, the Court must offset the § 406(b) fee award by any fees granted under the EAJA. *See Gisbrecht*, 535 U.S. at 796 ("Fee awards may be made under both prescriptions [i.e., the EAJA and 42 U.S.C. § 406(b)], but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" (citation omitted)).

## III.     DISCUSSION

Plaintiff's counsel seeks $37,920.25 in attorney's fees, offset by the previous $4,400 EAJA fee award, for a net award of $33,520.25. Dkt. No. 26-1 at 4, 10. The Court has conducted an independent inquiry and finds the requested fee is reasonable and not a windfall.

|  |  |
|---|---|
| 1 | Plaintiff and counsel entered into a contingency fee agreement for counsel to receive 25% of past-due benefits.[1] Dkt. No. 26-2. Counsel now requests attorney's fees totaling 15.3% of the past due award. Dkt. No. 26-1 at 4, 10. Neither the Commissioner nor Plaintiff oppose counsel's request. |

Plaintiff and counsel entered into a contingency fee agreement for counsel to receive 25% of past-due benefits.[1] Dkt. No. 26-2. Counsel now requests attorney's fees totaling 15.3% of the past due award. Dkt. No. 26-1 at 4, 10. Neither the Commissioner nor Plaintiff oppose counsel's request.

The Court does not find any reduction is warranted. *See Crawford*, 586 F.3d at 1151 ("The court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." (citation omitted)). Counsel "assumed significant risk" in accepting this case, "including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving" this case. *Crawford*, 586 F.3d at 1152; *see also Moreno v. Berryhill*, No. 13-cv-8492-PLA, 2018 WL 3490777, at *3 (C.D. Cal. July 19, 2018) (explaining the "risk of nonpayment inherent in a contingency agreement").

There is no evidence of substandard performance or delay,[2] and the requested fees are "not excessively large in relation to the benefits achieved" or the "time spent on the case." *Id*. Counsel and a paralegal expended 22.3 hours on this case,[3] for an effective hourly rate of $1,700.46. Dkt. No. 26-5. Counsel has practiced social security law for over 25 years (Dkt. No. 26-1 ¶ 9), and his representation resulted in Plaintiff receiving a favorable decision and an award of eight years' of past-due benefits. The Court finds this fee award sought is reasonable considering the experience of counsel, the risk assumed, and the result obtained. *See Palos v. Colvin*, No. 15-cv-4261-DTB, 2016 WL 5110243, at *2 (C.D. Cal. Sep. 20, 2016) (approving an hourly rate of $1,546.39 for 9.7 hours worked, in part because "[c]ounsel's efforts ultimately proved quite successful for plaintiff."); Dkt. No. 26-4 at 1.

---

[1] A strict 25% is $61,920.25.

[2] The parties requested (and received) a 45-day extension of the dispositive motion filing deadline based on staffing changes and reassignment to new counsel. Dkt. No. 17 at 1–2; Dkt. No. 18 at 2.

[3] Counsel billed 19.5 hours, and a paralegal billed 2.8 hours. Dkt. No. 26-5.

Counsel's requested fee is not so inordinately large relative to the number of hours spent that it represents a windfall. *White v. Berryhill*, No. 04-cv-0331-AS, 2017 WL 11634804, at *3 (C.D. Cal. July 7, 2017) (approving a $1,612 effective hourly rate for 24.95 hours billed by counsel and paralegal); *Reddick v. Berryhill*, No. 16-cv-0029-BTM-BLM, 2019 WL 2330895, at *1–2 (S.D. Cal. May 30, 2019) (approving an effective hourly rate of $1,990.74 for 21.6 hours of work, on reconsideration).

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's counsel's Motion for Attorney's Fees Pursuant to § 406(b) in the amount of $37,920.25. Dkt. No. 26.

The Commissioner is **DIRECTED** to certify payment of a **$37,920.25** fee award, made payable to the Law Offices of Lawrence D. Rohlfing, Inc., CPC and delivered to Brian C. Shapiro, out of Plaintiff's past-due benefits in accordance with agency policy.

The Court further **ORDERS** Plaintiff's counsel to refund Plaintiff **$4,400** to offset the EAJA fees previously awarded.

**IT IS SO ORDERED.**

Dated: January 5, 2026

Honorable Daniel E. Butcher
United States Magistrate Judge